## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| EDUARD SKYLAR, individually and on behalf of all those similarly situated,<br><br>　　　　　　　Plaintiff,<br><br>v.<br><br>ENERGIZER BRANDS, LLC,<br><br>　　　　　　　Defendant. | CASE NO. _____<br><br>**CLASS ACTION COMPLAINT**<br><br>**Demand for Jury Trial** |

Plaintiff EDUARD SKYLAR ("Plaintiff"), acting on behalf of himself and all others similarly situated persons, by and through his undersigned counsel of record, for his Complaint against Defendant Energizer Brands, LLC ("Energizer" or "Defendant") alleges as follows:

### NATURE OF THE CASE

1. Energizer's AA MAX batteries are being marketed and sold to the public under false pretenses. Through product packaging, TV and digital commercials, and other media, Energizer has duped consumers into believing that its MAX batteries have superior longevity (i.e., battery life) when they do not. Energizer has engaged in this false and deceptive advertising campaign for one reason: to drive sales.

2. Energizer has made the false and misleading claim that its AA MAX batteries are "Up to 50% longer lasting than basic alkaline in demanding devices." Energizer has made this false and misleading claim on the packaging of its AA MAX batteries and in promotional materials at national chain retailers.

3. These claims are false and deceptive attempts by Energizer to confuse and mislead

1

consumers regarding the comparative benefits of Energizer's AA MAX batteries relative to other alkaline batteries.

4. As a result of Defendant's unlawful and deceptive conduct, Plaintiff and Members of the Classes have been and continue to be harmed by purchasing a product under false pretenses.

5. Plaintiff and the Classes thus bring claims for consumer fraud, breach of warranty, and unjust enrichment and seek damages, injunctive and declaratory relief, interest, costs, and reasonable attorneys' fees.

## PARTIES

6. Plaintiff EDUARD SKYLAR is a citizen of the state of New York, residing in Brooklyn, New York, a borough of New York City.

7. On information and belief, defendant Energizer is a Delaware limited liability company with its headquarters in St. Louis, Missouri. Energizer is in the business of developing, manufacturing, marketing and selling batteries and related products in the United States and worldwide.

## JURISDICTION AND VENUE

8. This Court has jurisdiction over this action under the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d).  There are at least 100 members in the proposed class, the aggregated claims of the individual class members exceed the sum or value of $5,000,000.00 exclusive of interest and costs, and some of the members of the proposed class are citizens of states different from the Defendant.

9. This Court has subject-matter jurisdiction under 28 U.S.C. §§ 1331 and 1338(a), and under principles of supplemental jurisdiction.

10. This Court has personal jurisdiction over Energizer because Energizer transacts business in the state of New York and it disseminates advertising that is false or misleading and is likely to confuse consumers within the state.

11. Venue is proper in this District pursuant to 28 U.S.C. §§ 1391 (b)(1), (b)(2), and (c)(2) because Plaintiff Skylar resides in this District and a substantial part of the events giving rise to the claims in this action occurred in this District.

## FACTS SUPPORTING PLAINTIFF'S REQUESTED RELIEF

**A.** *Facts Specific to the Plaintiff*

12. Plaintiff Skylar purchased Energizer MAX batteries at a Walgreens located in Brooklyn, NY, on three separate occasions in 2020, including most recently in November of 2020. He also purchased Energizer MAXAA batteries from Woot, an online retailer, on or about November 2, 2020. At the point of sale, various other competing basic alkaline MAX AA batteries were available, including less costly batteries.

13. Prior to each purchase, Plaintiff Skylar viewed and relied upon Energizer's claim that its MAX AA batteries are "Up to 50% longer lasting than basic alkaline in demanding devices."

14. Plaintiff Skylar purchased and paid a premium for the Energizer MAX AA batteries because he believed they would last up to 50% longer than basic alkaline in demanding devices.

**B.** *Energizer's False and Misleading Advertising and Marketing*

15. Energizer is a manufacturer and seller of household batteries. Within that segment, AA batteries are the best-selling battery sizes and are used to power a wide variety of household devices, from remote controls to baby monitors, and from flashlights to game consoles.

16. In or about July of 2020, Energizer launched an advertising campaign in which it began advertising that its MAX AA batteries are "Up to 50% longer lasting than basic alkaline in demanding devices" (hereinafter the "50% Longer Lasting Claim").

17. The 50% Longer Lasting Claim is prominently featured on the packaging of the MAX AA batteries:





18. As shown above, the 50% Longer Lasting Claim is prominently emphasized in font that is much larger than the surrounding disclaimers. For example, the font announcing the "50%" claim is bolded. It is nearly five times the size of the barely legible disclaimer comparing AA MAX batteries to "basic alkaline in demanding devices." It is over three times the size of the limiting phrase "up to" (which introduces the claim). It is wide enough that the three characters comprising "50%" take up the same amount of space as the entire statements "THAN BASIC ALKALINE" and "IN DEMANDING DEVICES."

19. In addition to appearing prominently on product packaging, the 50% Longer Lasting Claim is also prominently featured in-store and in other advertising materials:



5



20. Significantly, the term "basic alkaline" is not defined anywhere on the Energizer AA MAX packaging. That term is so broad that it encompasses all non-specialized, all-purpose alkaline batteries in the marketplace.

21. Consumers understand "basic alkaline" to refer to most, if not all, alkaline batteries.

22. Energizer's 50% Longer Lasting Claim therefore plainly conveys to consumers, including Plaintiff, that Energizer AA MAX batteries last up to 50% longer than most, if not all alkaline batteries in most, if not all, devices. That is false, since Energizer AA MAX batteries are not "up to 50% longer lasting" than other competing batteries, including, for example, Duracell Coppertop batteries.

23. The term "demanding devices" also is not defined anywhere on the AA MAX packaging, and does not have a standard meaning, and so consumers will understand that term to include a broad range of devices.

24. In truth, however, Energizer AA MAX batteries are not 50% longer lasting in "demanding devices" than other competing batteries, including, for example, Duracell Coppertop batteries. On information and belief, competing batteries such as Duracell Coppertop batteries last longer than Energizer AA MAX batteries across several ANSI battery discharge testing standards.

25. By making the 50% Longer Lasting Claim, Energizer is deceiving consumers into believing they are purchasing a battery that is longer lasting in "demanding devices" than other comparable batteries, including, for example, the Duracell Coppertop battery, when the consumer is not.

26. Energizer's 50% Longer Lasting Claim also is literally false because the longevity of Energizer AA MAX batteries varies based on where any particular AA MAX battery is manufactured.

27. Energizer's AA MAX batteries offered for sale in the United States are manufactured in various plants around the world, including plants in the United States, Singapore, and Thailand. More than half of the AA MAX batteries offered for sale in the United States are manufactured in plants that are located outside the United States.

28. On information and belief, the life of AA MAX batteries is fully dependent on where any particular battery is manufactured, as evidenced by comparing testing results of AA MAX batteries from various manufacturing locations around the globe. On information and belief, across the majority of ANSI battery discharge testing standards, the AA MAX batteries manufactured outside the United States have a significantly shorter life than those AA MAX batteries that are manufactured inside the United States.

29. Nonetheless, Energizer claims that its AA MAX batteries are "UP TO 50% LONGER LASTING THAN BASIC ALKALINE IN DEMANDING DEVICES," regardless of where those batteries are manufactured. That claim is literally false as to all AA MAX batteries, but especially as to the AA MAX batteries manufactured in Energizer's foreign plants (which

7

make up more than 50% of the AA MAX batteries sold in the United States) because those batteries generally have a shorter life under most ANSI battery discharge testing standards than batteries manufactured inside the United States.

30. On information and belief, Energizer's false and materially misleading advertising, marketing, and product packaging have deceived, or have the capacity to deceive, consumers, including Plaintiff and Class members.

31. Energizer has willfully engaged in false and misleading advertising in violation of federal and state law.

32. As a result of Energizer's acts described herein, Plaintiff and Class members have been and will continue to be irreparably harmed.

## CLASS ACTION ALLEGATIONS

33. Plaintiff brings this action individually and as representatives of all those similarly situated, pursuant to Federal Rule of Civil Procedure 23, on behalf of the below-defined Class:

> Nationwide Class: All persons in the United States who, during the maximum period permitted by the law, purchased an Energizer AA MAX battery with the 50% Longer Lasting Claim on the packaging from a third-party retailer, including web retailers, for personal, family, or household use and not for resale.

34. Plaintiff also brings this action on behalf of himself and the members of the following New York Subclass:

> New York Subclass: All persons in New York who, during the maximum period permitted by the law, purchased Energizer AA MAX batteries with the 50% Longer Lasting Claim on the packaging from a third-party retailer, including web retailers, for personal, family, or household use and not for resale.

35. Specifically excluded from these definitions are (1) Defendant, any entity in which Defendant has a controlling interest, and its legal representatives, officers, directors, employees,

8

assigns and successors; (2) the Judge to whom this case is assigned and any member of the Judge's staff or immediate family; and (3) Class Counsel.

36. As used herein, "Class Members" shall mean and refer to the members of the Nationwide Class and all Subclasses, including Plaintiff.

37. <u>Numerosity</u>: Although the exact number of Class Members is uncertain at this time and can only be ascertained through discovery, the number is great enough such that joinder is impracticable and likely in excess of 500,000. The disposition of the claims of these Class Members in a single action will provide substantial benefits to all parties and to the Court.

38. <u>Typicality</u>: The claims of the representative Plaintiff are typical in that Plaintiff, like all Class Members, purchased the Energizer MAX batteries that were manufactured and distributed by Defendant. Plaintiff, like all Class Members, has been damaged by Defendant's misconduct in that, *inter alia*, they have incurred or will continue to incur damage as a result of overpaying for a product that did not have the advertised qualities and characteristics. Furthermore, the factual basis of Defendant's misconduct is common to all Class Members because Defendant has engaged in a systematic fraudulent behavior, that was deliberate and results in the same injury to all Class Members.

39. <u>Commonality</u>: Plaintiff has numerous questions of law and fact common to themselves and Class Members that predominate over any individualized questions. These common legal and factual issues include:

    a. Whether Energizer AA MAX batteries provide the benefits claimed by Defendant on the labeling, packaging, and/or in the course of its marketing;

    b. Whether Energizer warranted, and breached that warranty, that its AA MAX batteries are "UP TO 50% LONGER LASTING THAN BASIC ALKALINE IN DEMANDING DEVICES;"

    c. Whether Defendant's conduct violated the applicable state consumer fraud

claims alleged herein;

    d. Whether Defendant engaged in unfair or deceptive practices in trade or commerce by objectively misleading Plaintiff and putative Class and Subclass members;

    e. Whether Defendant's conduct, as alleged herein, was likely to mislead a reasonable consumer;

    f. Whether Defendant's statements, concealments and omissions regarding the Energizer AA MAX batteries were material, in that a reasonable consumer could consider them important in purchasing Energizer AA MAX batteries;

    g. Whether, as a result of Defendant's omissions and/or misrepresentations of material facts, Plaintiff and members of the Class and Subclass have suffered an ascertainable loss of monies and/or property and/or value; and

    h. Whether Plaintiff and Class members are entitled to monetary damages, injunctive relief, and/or other remedies and, if so, the nature of any such relief.

40. <u>Adequate Representation</u>: Plaintiff will fairly and adequately protect the interests of Class Members. Plaintiff has retained attorneys experienced in the prosecution of class actions, including consumer and product defect class actions, and Plaintiff intends to prosecute this action vigorously.

41. <u>Predominance and Superiority:</u> Plaintiff and Class Members have all suffered and will continue to suffer harm and damages as a result of Defendant's unlawful and wrongful conduct. A class action is superior to other available methods for the fair and efficient adjudication of the controversy. Absent a class action, Class Members would likely find the cost of litigating their claims prohibitively high and would therefore have no effective remedy at law. Because of the relatively small size of Class Members' individual claims, it is likely that few Class Members could afford to seek legal redress for Defendant's misconduct. Absent a class action, Class

Members will continue to incur damages, and Defendant's misconduct will continue without remedy. Class treatment of common questions of law and fact would also be a superior method to multiple individual actions or piecemeal litigation in that class treatment will conserve the resources of the courts and the litigants and will promote consistency and efficiency of adjudication.

42. Defendant has acted or refused to act on grounds generally applicable to the Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the Class appropriate.

## COUNT 1
## VIOLATION OF MAGNUSON-MOSS WARRANTY ACT
## 15 U.S.C. § 2301, *et seq.*
**(On Behalf of the Nationwide Class and the New York Subclass)**

43. Plaintiff brings this count on behalf of himself, the Nationwide Class and the New York Subclass (the "Classes") and repeats and re-alleges all previous paragraphs, as if fully included herein.

44. Energizer AA MAX batteries are consumer products as defined in 15 U.S.C. § 2301(1).

45. Plaintiff and Class Members are consumers as defined in 15 U.S.C. § 2301(3), and are persons entitled under the applicable state laws to enforce against the warrantor the obligations of its express and implied warranties.

46. Plaintiff purchased packages of Energizer AA MAX batteries costing more than $5 and their individual claims are greater than $25 as required by 15 U.S.C. §§ 2302(e) and 2310(d)(3)(A).

47. Defendant is a supplier and warrantor as defined in 15 U.S.C. §§ 2301(4) and (5).

48. The Magnuson-Moss Warranty Act, 15 U.S.C. § 2310(d)(1), provides a cause of action for any consumer, who is damaged by the failure of a warrantor to comply with a written or implied warranty.

11

49. Defendant made promises and representations in an express warranty provided to all consumers, which became the basis of the bargain between Plaintiff, Class and Subclass Members and Defendant.

50. Defendant breached its express warranties to Plaintiff and Class Members because Energizer AA MAX batteries are not "Up to 50% longer lasting than basic alkaline in demanding devices".

51. Pursuant to 15 U.S.C. § 2310(d)(2), Plaintiff and the other Class Members are entitled to recover a sum equal to the aggregate amount of costs and expenses (including attorneys' fees based on actual time expended) determined by the Court to have reasonably been incurred by Plaintiff and the other Class Members in connection with the commencement and prosecution of this action.

## COUNT 2
## BREACH OF EXPRESS WARRANTY
### (On Behalf of the Nationwide Class and the New York Subclass)

52. Plaintiff brings this count on behalf of himself, the Nationwide Class the New York Subclass (the "Classes") and repeats and re-alleges all previous paragraphs, as if fully included herein.

53. Defendant sold and Plaintiff purchased the Energizer AA MAX batteries from authorized resellers of Defendant's Energizer AA MAX batteries.

54. Defendant represented in its marketing, advertising, and promotion of the Energizer AA MAX batteries that the Energizer AA MAX batteries are "Up to 50% longer lasting than basic alkaline in demanding devices".

55. Defendant made these representations to specifically induce Plaintiff and Class Members to purchase Energizer AA MAX batteries.

56. Defendant's representations that Energizer AA MAX batteries are "Up to 50% longer lasting than basic alkaline in demanding devices" constituted part of the basis of the bargain between Defendant and Plaintiff (and Class Members).

57. Each of these representations constitutes an express written warranty.

58. Defendant breached its express warranties because Energizer AA MAX batteries are not "Up to 50% longer lasting than basic alkaline in demanding devices".

59. Affording Defendant an opportunity to cure its breach of written warranties would be unnecessary and futile here. Defendant was placed on reasonable notice of its false representations on about September 8, 2020, when a competitor brought suit against it based on these misrepresentations, *See Duracell U.S. Operations, Inc. v. Energizer Brands, LLC*, Case No. 1:20-cv-07318 (S.D.N.Y., filed Sept. 8, 2020), but has failed to correct the misrepresentations, instead denying the claims. Under the circumstances, the remedies available under any informal settlement procedure would be inadequate and any requirement that Plaintiff and the Nationwide Class resort to an informal dispute resolution procedure and/or afford Defendant a reasonable opportunity to cure the breach of warranty is excused and thereby deemed satisfied.

60. While notice is not required (for the reasons set forth above), on October 5, 2020, Plaintiff's counsel sent a letter to Defendant giving notice of its violations of its express warranties and demanding that Defendant correct such violations.

61. As a direct and proximate result of Defendant's breaches of these express warranties, Plaintiff and Class Members have been damaged because they did not receive the Energizer AA MAX batteries as specifically warranted by Defendant. Plaintiff also paid a premium for Energizer AA MAX batteries that did not conform to Defendant's express warranties.

62. Plaintiff and each of the other Class Members have had sufficient direct dealings with Defendant to establish privity of contract.

63. Nonetheless, privity is not required here because Plaintiff and each of the other Class Members are intended third-party beneficiaries of contracts between Defendant and its third-party retailers. The warranty statements were designed for and intended to benefit consumers.

64. All conditions precedent to seeking liability under this claim for breach of express warranty have been performed by or on behalf of Plaintiff and others in terms of paying for the goods at issue.

65. Defendant's breaches of warranty have caused Plaintiff and the other Class Members to suffer injuries, paying a premium for Energizer AA MAX batteries that did not conform to Defendant's express warranties, and entering into transactions they would not have entered into at all, or not for the consideration paid. As a direct and proximate result of Defendant's breaches of warranty, Plaintiff and the Classes have suffered damages.

**COUNT 3**
**FALSE ADVERTISING UNDER NEW YORK LAW**
**(N.Y. GEN. BUS. LAW § 350)**
**(On Behalf of the New York Subclass)**

66. Plaintiff repeats and re-alleges each of the allegations set forth in each of the paragraphs above, and incorporates them by reference.

67. Energizer has made material, false or misleading statements or representations of fact about Energizer's AA MAX batteries. Specifically, Energizer has literally, impliedly, or by necessary implication made the claim that AA MAX batteries are "Up to 50% longer lasting than basic alkaline in demanding devices".

68. Energizer's acts constitute false advertising in the conduct of business, trade, or commerce, or in the furnishing of any service in the state of New York in violation of New York's General Business Law § 350.

69. The public is likely to be damaged because of Energizer's deceptive trade practices or acts.

70. Plaintiff has suffered injury caused by Energizer's conduct, including payment of premium price for Energizer AA MAX batteries.

# COUNT 4
# UNFAIR AND DECEPTIVE TRADE PRACTICES
# UNDER NEW YORK LAW
# (N.Y. GEN. BUS. LAW § 349)
**(On Behalf of the New York Subclass)**

71. Plaintiff repeats and re-alleges each and every allegation set forth in each of the paragraphs above, and incorporates them by reference.

72. By reason of the acts set forth above, Energizer has been and is engaged in deceptive acts or practices in the conduct of a business, trade or commerce in violation of New York's General Business Law § 349.

73. Specifically, Energizer has made false, deceptive, or misleading representations of facts or omissions of fact about the Energizer AA MAX batteries that are likely to mislead reasonable consumers.

74. The public is likely to be damaged because of Energizer's deceptive trade practices or acts.

75. Energizer directs its conduct at consumers, as Energizer's false, deceptive, or misleading statements are contained in advertising targeted toward consumers, including television advertisements, digital advertisements, and retail product packaging.

76. Energizer's deceptive acts are likely to mislead a reasonable consumer acting reasonably under the circumstances.

77. Energizer's deceptive acts affect the public interest in the state of New York because, upon information and belief, consumers located in New York have purchased Energizer's AA MAX batteries in reliance on Energizer's false, deceptive, or misleading statements.

78. Plaintiff has suffered injury caused by Energizer's conduct, including through the diversion of potential sales.

79. Energizer's conduct is causing irreparable injury to Plaintiff, and will continue to damage Plaintiff and to deceive the public unless enjoined by this Court. Plaintiff has no adequate remedy at law.

## COUNT 5
## UNJUST ENRICHMENT
**(On Behalf of the National Class and the New York Subclass and in the Alternative to Counts 1 and 2)**

80. Plaintiff incorporates by reference paragraphs 1 through 42 of this Complaint as if fully stated herein.

81. Plaintiff brings this claim against Defendant on behalf of himself, the National Class, and the New York Subclass (the "Classes").

82. Plaintiff and the other Members of the Classes conferred benefits on Defendant by purchasing Energizer's AA MAX batteries.

83. Defendant received the benefits to the detriment of Plaintiff and the other Members of the Classes because Plaintiff and the other Members of the Classes purchased a mislabeled product that is not what they bargained for and that did not provide the promised benefit.

84. Defendant has been unjustly enriched in retaining the revenues derived from the purchases of Energizer's AA MAX batteries by Plaintiff and the other Members of the Classes. Retention of those monies under these circumstances is unjust and inequitable because Defendant's labeling of the products was misleading to consumers, which caused injuries to Plaintiff and the other Members of the Classes, because they would have not purchased the products had they known the true facts.

85. Because Defendant's retention of the non-gratuitous benefits conferred on it by Plaintiff and the other Members of the Classes is unjust and inequitable, Defendant must pay restitution to Plaintiff and the other Members of the Classes for its unjust enrichment, as ordered by the Court.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, individually and on behalf of the other Members of the Classes,

respectfully requests that the Court enter judgment as follows:

A. Declaring that this action is a proper class action, certifying the Classes as requested herein, designating Plaintiff as Class Representative, and appointing the undersigned counsel as Class Counsel for the Classes;

B. Enjoining Defendant from engaging in the unlawful conduct set forth herein;

C. Ordering Defendant to pay actual damages to Plaintiff and the other members of the Classes;

D. Ordering Defendant to pay punitive damages, as allowable by law, to Plaintiff and the other members of the Classes;

E. Ordering Defendant to pay statutory damages, as provided by the applicable state consumer protection statutes invoked herein, to Plaintiff and the other Members of the Class;

F. Ordering Defendant to pay reasonable attorneys' fees and litigation costs, as allowable by law, to Plaintiff and the other members of the Classes;

G. Ordering Defendant to pay restitution to Plaintiff and the other Members of the Classes;

H. Ordering Defendant to pay both pre-and post-judgment interest, as allowable by law, on any amounts awarded; and

I. Ordering such other and further relief as may be just and proper.

**DEMAND FOR JURY TRIAL**

Plaintiff demands a trial by jury of all claims in this Complaint so triable. Plaintiff also respectfully requests leave to amend this Complaint to conform to the evidence, if such amendment is needed for trial.

Dated: December 22, 2020

Respectfully Submitted,

*/s/ Gary S. Graifman*
Gary S. Graifman
Melissa R. Emert
**KANTROWITZ, GOLDHAMER & GRAIFMAN, P.C.**
747 Chestnut Ridge Road
Chestnut Ridge, New York 10977
Phone: (845) 356-2570
Fax: (845) 356-4335
ggraifman@kgglaw.com
memert@kgglaw.com

David C. Magagna Jr.
Charles E. Schaffer
**LEVIN SEDRAN & BERMAN**
510 Walnut Street, Suite 500
Philadelphia, PA 19106
Phone: 215-592-1500
dmagagna@lfsblaw.com
cschaffer@lfsblaw.com

Gary E. Mason
David K. Lietz
**MASON LIETZ & KLINGER LLP**
5101 Wisconsin Ave. NW Ste. 305
Washington DC 20016
Phone: 202.640.1160
Fax: 202.429.2294
gmason@masonllp.com
dlietz@masonllp.com

Gary M. Klinger
**MASON LIETZ & KLINGER LLP**
227 W. Monroe Street, Ste. 2100
Chicago, Illinois 60606
Phone: 202.640.1160
Fax: 202.429.2294
gklinger@masonllp.com

*Attorneys for Plaintiff and the Classes*