UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------x

EDUARD SKLYAR,

                     Plaintiff,               **MEMORANDUM & ORDER**
                                               20-CV-6216(EK)(MMH)

              -against-

ENERGIZER BRANDS, LLC,

                     Defendant.

------------------------------------x
ERIC KOMITEE, United States District Judge:

        Defendant Energizer Brands advertised its "Energizer MAX" AA batteries as being "[u]p to 50% longer lasting than basic alkaline in demanding devices."  Plaintiff Eduard Sklyar[1] alleges, in this putative class action, that this statement misled consumers as to the batteries' longevity and thus constituted a deceptive act or practice and false advertising under Sections 349 and 350 of New York's General Business Law.  Sklyar also asserts a common-law claim for unjust enrichment.  Energizer moves to dismiss the action for failure to state a claim.  For the reasons set forth below, I grant Energizer's motion.

---

[1] Plaintiff's attorney filed the original complaint using an incorrect last name for his client: "Skylar."  The Clerk of Court is respectfully directed to update the caption to correct the spelling of Plaintiff's last name (as set out in the caption of this order).

## I.  Background

Sklyar alleges that Energizer advertised its AA MAX batteries using the following statement: "Up to 50% longer lasting than basic alkaline in demanding devices."  First Amended Class Action Complaint ("FAC") ¶ 17, ECF No. 40.  A copy of that statement, as it allegedly appeared on one example of Energizer's packaging, is reproduced below, along with a close-up of the 50% claim:





*Id.*

Sklyar alleges that he purchased Energizer MAX batteries bearing the deceptive statement on four occasions, most recently in November 2020.  FAC ¶ 12.  He claims that prior to each purchase, he "viewed and relied upon Energizer's claim," "was persuaded and believed that they had qualities or characteristics superior to basic alkaline AA batteries," and therefore paid a "premium" for the batteries.  *Id.* ¶¶ 13–14.

Sklyar alleges further that the 50%-longer-lasting claim statement was intended to deceive consumers "regarding the comparative benefits of Energizer's AA MAX batteries relative to other alkaline batteries." *Id.* ¶ 3. He notes that the terms "basic alkaline" and "demanding devices" are not defined on Energizer's packaging. *Id.* ¶¶ 20, 23. The FAC therefore supplies its own definition: "basic alkaline," Sklyar alleges, "encompasses all non-specialized, all-purpose alkaline batteries in the marketplace." *Id.* ¶ 20. This means that "[c]onsumers understand 'basic alkaline' to refer to to most, if not all, alkaline batteries." *Id.* ¶ 21. Similarly, Sklyar alleges that consumers understand "demanding devices" to "include a broad range of devices." *Id.* ¶ 23.

Based on these assertions, Sklyar sums up by alleging that Energizer's claim falsely "conveys to consumers, including Plaintiff," that its AA MAX batteries last "up to 50% longer than most, if not all alkaline batteries in most, if not all, devices." *Id.* ¶ 22. The 50%-longer claim, interpreted in that way, is false, according to the FAC: the batteries "are not 50% longer lasting in demanding devices than other competing batteries, including, for example, Duracell Coppertop batteries." *Id.* ¶ 24. Sklyar also alleges that the longevity of each MAX battery depends on its country of manufacture, with

batteries made outside the U.S. being purportedly inferior. *Id.*
¶¶ 28-29.

Sklyar commenced this lawsuit in late 2020, about a
month after his last alleged purchase. He brings claims under
Sections 349 and 350 of the New York General Business Law (GBL),
as well as a claim for unjust enrichment.[2]

## II. Legal Standards

On a motion to dismiss under Federal Rule of Civil
Procedure 12(b)(6), "the court's task is to assess the legal
feasibility of the complaint." *Lynch v. City of New York*, 952

---

[2] In his original Complaint, Sklyar also brought claims under state law
for breach of warranty and under the Magnusson-Moss Warranty — Federal Trade
Commission Improvement Act. But during oral argument on Energizer's motion,
Sklyar moved to dismiss both of those claims, and I granted that motion on
the record. Tr. of Oral Arg. 44:25-45:20, ECF No. 43. Only state-law claims
remain. Thus, jurisdiction exists, if at all, only under the Class Action
Fairness Act, 28 U.S.C. § 1332(d), which provides federal jurisdiction over
certain class actions even absent an independent federal claim. *See Purdue
Pharma L.P. v. Kentucky*, 704 F.3d 208, 213-14 (2d Cir. 2013).

In response to my order to show cause, Sklyar alleged that the New
York-only class specified in his FAC consists of about 29,000 members, which
would satisfy CAFA's numerosity requirement. Pl.'s Letter dated June 1,
2022, at 2, ECF No. 45; *see* 28 U.S.C. § 1332(d)(5)(B). And given the
statutory damages available under Sections 349 and 350, the $5 million
amount-in-controversy requirement is met as well. *See* 28 U.S.C.
§ 1332(d)(2); *see also* N.Y. Gen. Bus. Law § 349(h) (providing for statutory
damages of $50 per violation of Section 349); *id.* § 350-e(3) (providing for
statutory damages of $500 per violation of Section 350). Thus, jurisdiction
is proper here. *See Rockwell Int'l Corp. v. United States*, 549 U.S. 457,
473-74 (2007) ("[W]hen a plaintiff files a complaint in federal court and
then voluntarily amends the complaint, courts look to the amended complaint
to determine jurisdiction."); *see also Cunningham Charter Corp. v. Learjet,
Inc.*, 592 F.3d 805, 807 (7th Cir. 2010) (noting that this rule applies in
CAFA cases). Energizer takes no position on the issue of subject-matter
jurisdiction. Def.'s Letter dated June 8, 2022, at 1, ECF No. 47.

F.3d 67, 75 (2d Cir. 2020).[3]  In doing so, the Court "must take the facts alleged in the complaint as true, drawing all reasonable inferences in [the plaintiff's] favor."  *In re NYSE Specialists Sec. Litig.*, 503 F.3d 89, 91 (2d Cir. 2007).  To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  Courts "are not bound to accept as true a legal conclusion couched as a factual allegation," and "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  *Id.*

### III.  Discussion

#### A.   New York GBL Sections 349 and 350

Section 349 prohibits "[d]eceptive acts [and] practices in the conduct of any business, trade or commerce or in the furnishing of any service."  N.Y. Gen. Bus. Law § 349(a). A deceptive act or practice is one "likely to mislead a reasonable consumer acting reasonably under the circumstances." *Maurizio v. Goldsmith*, 230 F.3d 518, 521 (2d Cir. 2000). Section 350 prohibits "[f]alse advertising in the conduct of any business, trade or commerce or in the furnishing of any

---

[3] Unless otherwise noted, when quoting judicial decisions this order accepts all alterations and omits all citations, footnotes, and internal quotation marks.

service."  N.Y. Gen. Bus. Law § 350.  The term "false
advertising" means "advertising, including labeling . . . if
such advertising is misleading in a material respect."  *Id.*
§ 350-a(1).

Although Section 350 is specific to "advertising," the
two standards are otherwise "substantively identical."
*Gristede's Foods, Inc. v. Unkechauge Nation*, 532 F. Supp. 2d
439, 451 (E.D.N.Y. 2007); *see also, e.g.*, *Goshen v. Mut. Life
Ins. Co. of N.Y.*, 774 N.E.2d 1190, 1195 n.1 (N.Y. 2002).  To
state a claim under either, a plaintiff must allege that (1) the
defendant engaged in consumer-oriented conduct; (2) the conduct
was misleading in a material way; and (3) the plaintiff was
injured as a result of the allegedly deceptive act or practice.
*Orlander v. Staples, Inc.*, 802 F.3d 289, 300 (2d Cir. 2015).  A
GBL claim may be dismissed at the motion-to-dismiss stage if the
Court concludes that "Plaintiff's claims are patently
implausible or unrealistic" and thus do not support the
materially misleading element.  *Cooper v. Anheuser-Busch, LLC*,
553 F. Supp. 3d 83, 95 (S.D.N.Y. 2021).  "For example, courts
have dismissed deceptive labeling claims at the pleadings stage
where plaintiffs tried to draw highly specific inferences
regarding the source or predominance of a particular flavor or
ingredient identified on a label . . . and where the plaintiffs'

alleged inference appeared fundamentally incompatible with basic common sense."  *Id.*

Although the FAC (and the parties' briefing) focus primarily on the words "basic alkaline" and "demanding devices," the key phrase in Energizer's claim is actually the phrase "up to."  The Second Circuit has considered the meaning of "up to" in the context of a GBL claim before, in *Fink v. Time Warner Cable*, 714 F.3d 739 (2d Cir. 2013) (per curiam).  In that case, the plaintiff sued an Internet service provider for failing to fulfill its promise that its "Road Runner Internet service" would provide an internet connection that was "up to 3 times the speed of most standard DSL packages and up to 100x faster than dial-up."  714 F.3d 739, 740 (2d Cir. 2013) (per curiam).  The Second Circuit agreed with the district court's "unassailabl[e]" conclusion that "the phrase 'up to' would lead a reasonable consumer to expect that speeds could be less than the advertised '3x faster' and '100x faster' speeds."  *Id.* at 742 n.3.  The court noted the plaintiff's concession that "a promise to provide 'up to' a certain speed is not a guarantee that that speed will be achieved."  *Id.*  Accordingly, the court found that the statement could not support a Section 349 claim.  *Id.*

*Fink* squarely controls here.  Energizer's packaging deployed the same phrase as an upper bound.  *Fink* teaches us to read that phrase, from the perspective of the reasonable

consumer, to expect that an individual battery could last less than the advertised upper bound.  Sklyar avers in his FAC only that MAX batteries "are not 50% longer lasting" — *i.e.*, that they do not reach that upper bound — but as *Fink* shows, Energizer did not claim that its batteries necessarily will reach that upper bound.  Accordingly, dismissal is warranted.

I need not reach the question, but Energizer's use of the word "basic" to modify its comparators is also damaging to Sklyar's position.  Basic means "[o]f, relating to, or forming a base; fundamental," *American Heritage Desk Dictionary* (5th ed. 2022),[4] or alternatively "constituting or serving as the basis or starting point." *Merriam-Webster.com Dictionary*[5]; *see also Cambridge Dictionary* (defining basic as "simple and not complicated, so able to provide the base or starting point from which something can develop")[6]; *OED Online* ("of, pertaining to, or forming a base; fundamental, essential").[7]  Given this understanding, Sklyar's allegation that the reasonable consumer

---

[4] https://www.ahdictionary.com/word/search.html?q=basic (last accessed Sept. 27, 2022).

[5] https://www.merriam-webster.com/dictionary/basic (last accessed Sept. 27, 2022).

[6] https://dictionary.cambridge.org/us/dictionary/english/basic (last accessed Sept. 27, 2022).

[7] https://www.oed.com/view/Entry/15911 (last accessed Sept. 27, 2022).

would understand basic alkaline to subsume "most, if not all,
alkaline batteries" simply lacks the requisite plausibility.

**B.    Unjust Enrichment**

Sklyar brings a claim for unjust enrichment based on
the same allegations as his GBL claims and the related
allegation that Energizer "has been unjustly enriched in
retaining the revenues derived from [Sklyar's] purchases of
Energizer's AA MAX batteries."  FAC ¶ 66.  To prevail on a claim
for unjust enrichment in New York, a plaintiff must establish
that: "(1) defendant was enriched, (2) the enrichment was at the
plaintiff's expense and (3) the circumstances were such that
equity and good conscience require defendant to make
restitution."  *Violette v. Armonk Assocs., L.P.*, 872 F. Supp.
1279, 1282 (S.D.N.Y. 1995).

An unjust-enrichment claim cannot proceed, however, if
it duplicative of other claims alleged.  "Unjust enrichment
claims should be dismissed where the violative conduct alleged
is conterminous with a conventional tort or contract claim,
regardless of whether the tort or contract claim is dismissed."
*Hughes v. Ester C Co.*, 330 F. Supp. 3d 862, 877 (E.D.N.Y. 2018).
"[A]n unjust enrichment claim will not survive a motion to
dismiss where plaintiffs fail to explain how their unjust
enrichment claim is not merely duplicative of their other causes
of action."  *Hesse v. Godiva Chocolatier, Inc.*, 463 F. Supp. 3d

453, 474 (S.D.N.Y. 2020).   "[E]ven pleaded in the alternative,
claims for unjust enrichment will not survive" if duplicative.
*Nelson v. MillerCoors, LLC*, 246 F. Supp. 3d 666, 679 (E.D.N.Y.
2017).   Nevertheless, "[a]n unjust enrichment claim is not
duplicative if a 'reasonable trier of fact could find unjust
enrichment without establishing all the elements for one of [a
plaintiff's] claims sounding in law."   *Cooper*, 2021 WL 3501203,
at *20.

     Sklyar's unjust-enrichment claim is duplicative of his
GBL claims.   The factual allegations underpinning that claim
largely consist of the same allegations supporting his GBL
claims, "incorporate[d] . . . by reference."   FAC ¶ 63.   He
further alleges that Energizer's retention of revenues from
sales of MAX batteries is "unjust and inequitable because
[Energizer's] labeling of the products was misleading to
consumers."   FAC ¶ 66.   These are the same factual allegations
as his GBL claims.   Nor has Sklyar alleged a distinct theory of
liability or damages with respect to this claim.   Accordingly,
the Court must dismiss Sklyar's unjust enrichment claim as
duplicative.   *See, e.g.*, *Grossman v. Simply Nourish Pet Food Co.
LLC*, 516 F. Supp. 3d 261, 285 (E.D.N.Y. 2021) (dismissing unjust
enrichment claim that "duplicate[d] the plaintiff's other
claims, which ar[o]se out [of] identical facts," namely "the

defendant's alleged misrepresentation on the [p]roduct packaging").

## IV.   Conclusion

For these reasons, Energizer's motion to dismiss is granted.  The Clerk of Court is respectfully directed to enter judgment in favor of Energizer and to close this case.

SO ORDERED.


                                    /s/ Eric Komitee
                                    ERIC KOMITEE
                                    United States District Judge


Dated:     September 28, 2022
           Brooklyn, New York