```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------x

EDUARD SKLYAR,

                    Plaintiff,            MEMORANDUM & ORDER
                                          20-CV-6216(EK)(MMH)
          -against-

ENERGIZER BRANDS, LLC,

                    Defendant.

-------------------------------------x
```
ERIC KOMITEE, United States District Judge:

  This memorandum and order concerns plaintiff Eduard Sklyar's motion for relief from judgment under Federal Rule of Civil Procedure 60(b).  ECF No. 53.  For the reasons set forth below, the motion is denied.

  In his First Amended Class Action Complaint, Sklyar alleged that Energizer's statement that its MAX AA batteries are "[u]p to 50% longer lasting than basic alkaline in demanding devices" misled consumers as to the batteries' longevity and thus constituted a deceptive act or practice and false advertising under Sections 349 and 350 of New York's General Business Law.  *Sklyar v. Energizer Brands, LLC*, No. 20-CV-6216, 2022 WL 4539573, at *1 (E.D.N.Y. Sept. 28, 2022).  The Court granted the defendant's motion to dismiss for failure to state a claim.  *Sklyar*, 2022 WL 4539573, at *3.  Sklyar did not request

further leave to amend after filing his first amended complaint, and the Court did not grant it *sua sponte*.

Sklyar now moves for relief from judgment so that he may be granted leave to file a second amended complaint. Sklyar Mem. of L. in Supp. of Mot. for Relief ("Sklyar Mem.") 1, ECF No. 53-1.

## II.  Discussion

### A.  Rule 60(b)

Because Sklyar's first amended complaint was dismissed without leave to amend, he "must first have the judgment vacated or set aside pursuant to Rules 59(e) or 60(b)." *Metzler Inv. Gmbh v. Chipotle Mexican Grill, Inc.*, 970 F.3d 133, 145 (2d Cir. 2020).[1] Sklyar has invoked Rule 60(b), which allows the Court to relieve a party from a final judgment. Fed. R. Civ. P. 60(b). Rule 60(b) is "a mechanism for extraordinary judicial relief invoked only if the moving party demonstrates exceptional circumstances." *Ruotolo v. City of New York*, 514 F.3d 184, 191 (2d Cir. 2008).

In support of such relief, Sklyar invokes only Rule 60(b)(6) — a catchall provision allowing relief for "any other reason" justifying it. Rule 60(b)(6) "is properly invoked only

---

[1] Unless otherwise noted, when quoting judicial decisions this order accepts all alterations and omits all citations, footnotes, and internal quotation marks.

when there are extraordinary circumstances justifying relief" and "when the judgment may work an extreme and undue hardship." *Nemaizer v. Baker*, 793 F.2d 58, 63 (2d Cir. 1986).

Sklyar argues that "[p]ermitting [him] to amend his complaint so he is not left without a remedy and his case is decided on the merits is a strong reason that justifies relief." Sklyar Mem. 4. However, the "mere granting of a motion to dismiss" without leave to amend does not "rise[] to the level of 'extraordinary circumstances' or 'extreme and undue hardship' under Rule 60(b)(6)." *In re Adient PLC Sec. Litig.*, No. 18-CV-9116, 2020 WL 6063556 (S.D.N.Y. Oct. 14, 2020), *aff'd sub nom. Bristol Cnty. Ret. Sys. v. Adient PLC*, No. 20-3846-CV, 2022 WL 2824260 (2d Cir. July 20, 2022); *accord Obra Pia Ltd. v. Seagrape Invs. LLC*, No. 19-CV-7840, 2021 WL 1978545, at *5 (S.D.N.Y. May 18, 2021). Although courts "should freely give leave" to amend a complaint "when justice so requires," Fed. R. Civ. P. 15(a)(2), and the Second Circuit has a "strong preference for resolving disputes on the merits . . . [,] Rule 15's liberality must be tempered by considerations of finality" when leave to amend is sought after judgment. *Williams v. Citigroup Inc.*, 659 F.3d 208, 212–13 (2d Cir. 2011); *see also Metzler Inv.*, 970 F.3d at 146 ("The plaintiffs-appellants' argument that their [post-judgment] motion [for leave to amend]

3

is governed solely by the legal standard applicable to Rule 15(a)(2) motions" is "without merit.").

Here, Sklyar's omission to request leave to file a second amended complaint until after judgment weighs against his Rule 60 motion. *See State Trading Corp. of India v. Assuranceforeningen Skuld*, 921 F.2d 409, 418 (2d Cir. 1990). ("When the moving party has had an opportunity to assert the amendment earlier, but has waited until after judgment before requesting leave, a court may exercise its discretion more exactingly."). Sklyar filed his first amended complaint with the Court's leave *after oral argument* on Energizer's motion to dismiss the original complaint. *See* Minute Entry, ECF No. 39. After Energizer renewed its motion to dismiss — directing the motion at the new complaint — Sklyar submitted a letter brief in opposition, but he did not seek leave to amend again in the event of a dismissal. *See* Sklyar Letter 1–3, ECF No. 42. Accordingly, considerations of finality militate against any grant of extraordinary relief here.

B.   **Rule 15**

Though I need not reach the question, I note for the sake of completeness that Sklyar's proposed amendment is also unwarranted under Rule 15. *See Foman v. Davis*, 371 U.S. 178, 182 (1962). This is the case for two reasons. First, it is futile. The Second Circuit held, in *Fink v. Time Warner Cable*,

4

714 F.3d 739, 742 n.3 (2d Cir. 2013) (per curiam), that the phrase "up to" in an advertisement "would lead a reasonable consumer to expect" that the attribute at issue could fall beneath that upper bound. Sklyar now proposes to amend the complaint to highlight the disparity between the font sizes of the phrase "up to" and "50% longer lasting" — but as the blackline he himself submitted shows, the prior complaint had already invoked this disparity. *See* Sklyar Mot. for Relief Ex. B ¶ 19, ECF No. 53-3 (showing the phrase "over three times the size" carried over from the prior complaint). Moreover, the Court's decision included a picture of the challenged advertisement and explained that the words "up to" were sufficient to satisfy *Fink* — not in theory, but as seen in the picture. *Sklyar*, 2022 WL 4539573, at *1, *3.

Second, and perhaps more importantly, "even apart from [any] doubt whether the proposed second amended complaint in fact cures the defects of the first," Sklyar's newly proposed amendment purports to cure a defect of which Sklyar was plainly on notice before filing his *first* amended complaint. *Denny v. Barber*, 576 F.2d 465, 471 (2d Cir. 1978) (where plaintiff's counsel was "on the plainest notice of what was required" before plaintiff's *first* amendment, the plaintiff "clearly ha[d] no right to a second amendment"). When Sklyar filed the first amended complaint, he had the benefit of Energizer's briefing

5

arguing that Sklyar's "GBL claims would . . . fail because he cannot show that [Energizer's] Statement would be likely to mislead a reasonable consumer." Energizer Mem. of L. in Supp. of Mot. to Dismiss ("Energizer Mem.") 2, ECF No. 29.

More specifically, Energizer's memorandum in support of its motion to dismiss pointed to the phrase "up to," and made the precise argument on which the Court ultimately dismissed: Energizer argued that the reasonable consumer "would have interpreted the [challenged] Statement to mean that Energizer AA max batteries *can* last longer than rudimentary batteries . . . . A reasonable consumer *would not* have interpreted the Statement to mean that Energizer's batteries *will* last 50% longer . . . ." Energizer Mem. at 11, ECF No. 29 (emphasis added for the words "can" and "will"). And for good measure, the defendant's memorandum expressly cited the Second Circuit's 2013 decision in *Fink*, which was central to this Court's decision to dismiss. *See id.* at 10.[2] Sklyar thus had eminently plain notice of this exact infirmity when he sought — and received — leave to amend his original pleading with the first amended complaint.

---

[2] Sklyar also had Energizer's reply brief, in which Energizer specifically cited *Fink*, arguing again that the phrase "up to . . . would lead a reasonable consumer to expect that [performance] could be less than advertised." Energizer Reply 7 & n.8, ECF No. 33 (citing *Fink v. Time Warner Cable*, 837 F. Supp. 2d 279, 283-84 (S.D.N.Y. 2011), *aff'd*, 714 F.3d 739 (2d Cir. 2013)).

In sum, Sklyar "had an opportunity to amend in response to full briefing of [Energizer's] motion to dismiss and failed, in [his] own briefing on the motion or by motion for leave to amend after the district court dismissed the case, to explain how [he] . . . could amend the complaint to . . . survive a motion to dismiss. *F5 Cap. v. Pappas*, 856 F.3d 61, 89-90 (2d Cir. 2017) (affirming denial of leave).

### IV. Conclusion

For these reasons, Sklyar's motion is denied.

SO ORDERED.

                                              /s/ Eric Komitee
                                              ERIC KOMITEE
                                              United States District Judge

Dated:    September 26, 2023
             Brooklyn, New York